## LAYDEN'S CASE.

*New York Common Pleas ; At Chambers, October,* 1856.

COMMITMENT FOR VAGRANCY.—FILING OF RECORD.—POWERS
OF ALDERMAN.

The record of a conviction for vagrancy in the city of New York, should be filed
with the clerk of the court of sessions, not with the county clerk.
An alderman of the city of New York may commit to the workhouse for vagrancy.

Habeas corpus issued on behalf of a person committed for
vagrancy.

INGRAHAM, F. J.—Sarah Layden is brought before me on
habeas corpus, and her discharge is asked for on the ground
of irregularity in the commitment.

She was arrested as a vagrant, and tried before Alderman
Clancy, and by him committed to the workhouse on Black-
well's Island.

It is insisted in the first place, that the prisoner should be
discharged because the record of conviction was not filed with
the county clerk, as required by statute, (2 *Rev. Stats.*, 4 ed.
35, § 3.) Since the passage of that act the legislature have
passed three acts providing for filing such record of conviction
in the office of the clerk of the court of sessions. (*Laws of* 1833,
9, *ch.* 11, § 3 ; *Laws of* 1853, 353, *ch.* 183, § 1 ; *Laws of* 1855,
451, *ch.* 268, § 1.)

The last two statutes apply more especially to police magis-
trates. If there is any doubt whether they apply to a convic-
tion before an alderman, the difficulty is removed by the pro-
visions of the first mentioned act, which applies to all magis-
trates. There was no necessity, therefore, for filing the record
of conviction with the county clerk.

It is also insisted that an alderman has no power to try and
convict in such cases.

By the act of 1833, (*Laws of* 1833, 9, *ch.* 11, § 2,) the power
is expressly conferred on the mayor, recorder, aldermen, and
special justices (section 6,) and I know of no statute which de-
prives them of that power. Section 6 of the last amended

charter, (*Laws of* 1853, *ch.* 217,) takes away the rights of the aldermen to sit or act as judges in the Court of Oyer and Terminer and of the Sessions; but that section expressly recognizes their authority as magistrates.

There can be no pretence for saying that such statutes deprive them of their authority as magistrates out of court.

It is also urged that a magistrate, whether alderman or police justice, has no power to commit to the workhouse, but that such commitment should be to the penitentiary, and that the governors of the almshouse can alone transfer to the workhouse. The counsel for the petitioner urged before me that discharges have often been granted of vagrants upon this ground. If so, I am not satisfied of the propriety thereof. The act establishing the workhouse, (*Laws of* 1849,) provides that all magistrates in the city of New York are authorized to commit all such persons as may be committed by them as vagrants, to the workhouse for any period of time not less than three nor more than twelve months. The commitment in this case is for six months—it is regular on its face—made by a competent authority—and there is no irregularity in the proceedings to warrant me in granting a discharge of the prisoner.

*Prisoner remanded to custody.*